UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA L. MILLER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:13-cv-01781-SEB-DML |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## Report and Recommendation on
## <u>Defendant's Motion to Dismiss Complaint</u>

The Honorable Sarah Evans Barker designated this magistrate judge, as provided by 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(a), to issue a report and recommendation on the complaint by plaintiff Melissa L. Miller for judicial review of a decision of the Commissioner of the Social Security Administration that Ms. Miller was not entitled to Disability Insurance Benefits ("DIB") and Supplemental Security Income disability benefits ("SSI") under Titles II and XVI, respectively, of the Social Security Act.

On February 28, 2014, the Commissioner moved to dismiss Ms. Miller's complaint because it was not timely filed as required under 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210. Ms. Miller did not respond to the motion. However, on April 9, 2014, she filed a motion asking the court to refrain from deciding the Commissioner's motion because she had asked the Appeals Council to retroactively

extend her time.  According to documents filed with the court (Dkts. 21 and 22), Ms. Miller had actually waited until mid-May 2014 to ask the Appeals Council to extend her time to seek judicial review.  The Appeals Council recently denied Ms. Miller's request for an extension of time.  (*See* Dkt. 22).

The magistrate judge recommends that the district judge grant the Commissioner's motion to dismiss.

### Ms. Miller Did Not Timely Seek Judicial Review of the Commissioner's Final Decision.

Under 42 U.S.C. §405(g), which governs judicial review of a final decision of the Commissioner of the Social Security Administration, a civil action for judicial review of the decision must be "commenced within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner of Social Security may allow."  By administrative rule, the 60-day period begins to run when the claimant receives notice from the Appeals Council of its denial of review, and a claimant is presumed to receive the notice five days after its date unless the claimant makes a reasonable showing that receipt occurred later.  20 C.F.R. § 422.210(c).

The Commissioner's decision denying Ms. Miller's applications for DIB and SSI became final on August 8, 2013, when the Appeals Council denied review of the unfavorable decision by an administrative law judge that Ms. Miller was not disabled.  See *O'Connor-Spinner v. Astrue,* 627 F.3d 614, 618 (7th Cir. 2010) (upon denial of review by the Appeals Council, the ALJ's decision becomes the Commissioner's final decision subject to judicial review).  Ordinarily, then, Ms.

Miller was required to have filed her complaint by October 14, 2013 (65 days from the August 8 date of the Appeals Council's denial of review plus two days because the 65th day fell on a Saturday). On August 30, Ms. Miller asked for a 30-day extension of time, but the Appeals Council sent a letter dated September 13, 2013, in which it granted a much shorter extension by giving Ms. Miller only 30 days from the date of the letter (and not 30 days from Ms. Miller's original deadline) to file her civil complaint. Even adding 5 days for mailing, the time for Ms. Miller to file her complaint was enlarged only to October 18, 2013. Ms. Miller did not file her complaint for judicial review until November 7, 2013—nearly three weeks late.

The Commissioner argues that because Ms. Miller's complaint was not timely filed and equitable tolling (which should be applied only rarely) is not appropriate here, the complaint should be dismissed. *See Bowen v. City of New York,* 476 U.S. 467, 480-81 (1986) (60-day statute of limitation in Section 405(g) may be equitably tolled in the "rare case" where the "equities in favor of tolling are compelling").

Ms. Miller did not respond to the Commissioner's motion to dismiss. She has not argued any basis for the court to excuse her failure to timely file her complaint. Her complaint therefore should be dismissed. *See Lehman v. Nakshian,* 453 U.S. 156, 160 (1981) (internal quotations and citations omitted) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain that suit.")

3

## Conclusion

The magistrate judge recommends that the court GRANT the Commissioner's motion to dismiss. (Dkt. 15).

The Clerk is directed promptly to mail a copy of this report and recommendation to each party in accordance with Fed. R. Civ. P. 72(a).

Any objections to this report and recommendation must be filed with the court in accordance with Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1) within 14 days of service. Failure to object will result in waiver of objection or appeal of the issues addressed in this report and recommendation.

IT IS SO RECOMMENDED.

Date: 06/04/2014

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

**Distribution:**

All ECF-registered counsel of record via email generated by the court's ECF system